IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL NEGRON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:11-cv-257 MTT MSH |
| | * | 42 U.S.C. § 1983 |
| GAIL JACKSON, | * | |
| | * | |
| Defendant. | * | |

## RECOMMENDATION

On May 16, 2011, Plaintiff filed the above styled Section 1983 action against the named Defendant[1], and was granted *in forma pauperis* status. Since that time, no service has been made on the Defendant.

Federal Rule of Civil Procedure 4(c)(1) states that:

A summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Federal Rule of Civil Procedure 4(m) states that:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

---

[1] On June 30, 2011, all other named Defendants were dismissed from this action. (ECF No. 9.)

The record reveals that Plaintiff failed to serve the named Defendant within 120 days of the proper commencement of this action. Specifically, the record establishes that on July 5, 2011, this Court ordered that service be provided by the US Marshal to be made upon Defendant Gail Jackson. (ECF No. 13.) The service attempt was returned unexecuted on July 26, 2011. (ECF No. 18.) The Court again directed service on September 19, 2011, which was also returned as unexecuted on September 21, 2011, with a notation that "Men's State Prison is closed." On October 24, 2011, Plaintiff notified the Court that he was being released from prison and listed his new address. (ECF Nos. 27, 28.) On November 7, 2011, the Court issued an order directing Plaintiff "to provide the Court with Defendant Gail Jackson's current address. Her last known business address at Men's State Prison is no longer valid as the Prison has closed. Plaintiff has 21 days to provide the required information or Defendant Jackson may be dismissed from this action." (Order, Nov. 7, 2011.) Thereafter, on January 6, 2012, Plaintiff provided the Court with a physical address for the Defendant, and the Court issued an Order of Service directing that personal service be made on Defendant Jackson by the US Marshal. (Order, Jan. 9, 2012.) That service attempt was returned unexecuted on March 22, 2012, with a notation that Defendant left that employment in 2007. (ECF No. 36.) There has been no further attempt by Plaintiff to serve the Defendant in this case.

WHEREFORE, because the Court has complied with Federal Rule of Civil Procedure 4(m) and notified Plaintiff of the consequences of failing to serve the Defendant, it is RECOMMENDED that this case be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the

United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO RECOMMENDED, this 14th day of May, 2012.

S/ STEPHEN HYLES<br>
UNITED STATES MAGISTRATE JUDGE